Botsford, J.
After hearing, it is ordered that the ex parte attachment on trustee process of certain funds of the defendants William A. Saxton and Lynn S. Saxton held by the Trustee defendant Merrill Lynch in individual investment accounts, be dissolved. It appears that under G.L.c. 246, §28 as amended through st. 1992, c.153, §31, the funds held in these accounts are exempt from attachment; the proviso set forth in the third sentence of §28, permitting the attachment of “sums deposited in . . . [an IRA) in excess of seven percent of the total income of such individual within five years of the individual’s declaration of bankruptcy or entry of judgments],’’ while hardly a model of clarity, is most reasonably read to apply to post-judgment attachments only, and not prejudgment attachments. In this regard, it has been represented that there is no declaration of bankruptcy or judgment in this case or related to this case to which the statutory proviso could be read to apply at this point in time. See Shapiro, Perlin and Connors, Massachusetts Collection Law (1992 Supp.) §5.34 at p. 28.